UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KELLY DORSCH,

                Plaintiff,        06-CV-6598T

     v.                       **DECISION**
                                     **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                Defendant.
_____

## INTRODUCTION

    Plaintiff Kelly Dorsch ("Dorsch"), brings this action pursuant to the Social Security Act, (codified in relevant parts at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for children's insurance benefits and supplemental income security benefits.[1]  Specifically, Dorsch alleges that the decision of an Administrative Law Judge ("ALJ") was erroneous and not supported by the substantial evidence contained in the record, or was contrary to law.

    The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.  Plaintiff opposes defendant's motion, and cross-moves for judgment on the pleadings.

---

[1] This case (formerly civil case 03-CV-0204(A)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated November 30, 2006.

BACKGROUND

On December 12, 1997, plaintiff Kelly Dorsch, then aged 28 years old, applied for Social Security children's disability benefits and supplemental income security benefits claiming that she has been unable to work as of January 1, 1988 because of severe depression and high blood pressure. Dorsch's application was initially denied on April 16, 1998, and again on reconsideration on January 30, 1999. Thereafter, Dorsch requested an administrative hearing before an Administrative Law Judge (ALJ) which took place on January 18, 2000. Plaintiff was represented at the hearing.

In a decision dated March 7, 2000, Administrative Law Judge Timothy M. McGuan found that although Dorsch suffered from depression and panic attacks, she was not disabled within the meaning of the Act and thus not entitled to receive Social Security Benefits. Dorsch's appeal of the ALJ's decision to the Social Security Appeals Board was denied on January 14, 2003, and on March 14, 2003, plaintiff filed this action.

DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is

defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are not supported by substantial evidence contained in the record, the Commissioner's motion for judgment on

the pleadings is denied, and plaintiff's cross-motion for judgment on the pleadings is granted .

> II. The Commissioner's decision to deny Plaintiff's Application for Benefits is not supported by the substantial evidence in the record.

The ALJ made his determination based on the evidence before him that although plaintiff suffers from depression, that condition does not rise to a level of severity that would warrant a finding of disability.  Plaintiff objects to the ALJ's findings on grounds that the ALJ improperly disregarded the opinion of Dr. Richard Wolin, plaintiff's treating psychiatrist for over ten years.  Plaintiff also objects to the ALJ's findings that her testimony regarding the extent of her depression was not credible.

For the reasons set forth below, I find that the ALJ erred by discounting the opinion of Dr. Wolin, and by not attributing complete credibility to the plaintiff's testimony.  I further find that the evidence in the record supports a finding that plaintiff is disabled.

The evidence in the record reveals that since 1987, when Dorsch was still in high school, she suffered from severe depression which significantly limited her ability to interact in school and in the general public.  Indeed she quit school in the 12th grade, prior to obtaining her high school diploma, as a result of her inability to function socially in a school setting.  After quitting school, Dorsch continued to reside with her parents, and

Dorsch, who is now 37, has lived with her parents continuously for her entire life.  After quitting school, Dorsch obtained her GED.

In 1988, plaintiff worked briefly on a part-time basis in a clerical position for Notable Business Forms.  She left that job after experiencing, in her words, "emotional problems."  Shortly thereafter, plaintiff obtained part-time employment with a construction company as a secretary.  That employment lasted approximately one year, and ended, according to Dorsch, because she had trouble leaving the house and driving.  From approximately 1991 through the date of the filing of the instant Complaint, aside from brief, part-time employment in a grocery store while plaintiff was still in high school, plaintiff had been employed only in the two part-time positions stated above.[2]

Dorsch began treating with Dr. Wolin in 1987.  Upon initial examination, Dr. Wolin noted that plaintiff suffered from slowness of thought processes and decreased psychomotor activity.  She was prescribed Imipramine for her depression.  Throughout her treatment with Dr. Wolin, he noted that plaintiff has suffered at various times, and to varying degrees: panic disorders, agoraphobia, diurnal variations in mood with fairly profound morning dysphoria, aggressiveness, and failure to maintain personal hygiene.  As late

---

[2] By letter dated December 6, 2006 I asked the plaintiff's counsel to supplement the record with respect to plaintiff's current medical and employment status.  According to counsel, plaintiff continues to treat with Dr. Wolin, and has attempted to work on a part-time trial basis.  Plaintiff however, has been unable to engage substantial gainful employment, and therefore the fact of her de minimus employment does alter the findings and conclusions contained herein.

as 1999, Dr. Wolin noted that Dorsch continued to have chronic problems with concentration, attention, and the ability to organize herself. He noted that she exhibited slowness of thought and speech, and continued to have mild panic attacks.

The copious medical records and reports submitted by plaintiff's long-standing psychiatrist Dr. Wolin clearly indicate that plaintiff suffers from disabling depression. Although Dr. Wolin noted that from time-to-time plaintiff's affect was better, the underlying profound depression, along with plaintiff's agoraphobia and slowed thought and speech, remained chronic and debilitating. Considered in their entirety, Dr. Wolin's notes and medical reports demonstrate that Dorsch suffers from a severe depression that prevents her from doing the activities that would be required of her in a work setting, including such basic tasks as leaving her home, maintaining personal hygeine, and taking directions from or interacting with co-employees, supervisors, or members of the public. Accordingly, I find that Dr. Wolin's records clearly demonstrate that plaintiff is disabled for purposes of receiving social security benefits, and that the ALJ erred by improperly discounting the opinion of Dr. Wolin.

I further find that the ALJ did not properly assess the plaintiff's credibility. The ALJ found that plaintiff's subjective complaints were credible, but not to the extent she alleged. I find however, that the plaintiff's testimony, particularly when considered in light of her condition, and in light of her mother's testimony (which was also taken at the administrative hearing) was

highly credible and supports a finding of disability. For example, despite the fact that all of plaintiff's treating and examining physicians diagnose her as suffering from depression, Dorsch testified that she "take[s] medication for that, so I don't have depression anymore." (Administrative Transcript at p. 44). Despite her claim that she doesn't have depression, it is clear that plaintiff suffers from a profound depression. Similarly, although plaintiff testified that she sometimes walks to the library or around the block, it appears that based on the totality of the record, that testimony may reveal more about her *desired* activity level, rather than her *actual* activity level. Plaintiff's mother testified, credibly, that Dorsch often stays in bed until late in the morning, often wears her nightgown throughout the entire day, and almost never leaves the home. This testimony comports with the notes of plaintiff's treating physicians, and I thus find the testimony credible. I further find as credible the testimony of plaintiff's mother with respect to the fact that plaintiff will only sit in one particular chair in the living room, one stool in another room, and will only eat with one particular fork. Plaintiff's mother also testified that Dorsch struggles with personal hygiene issues, and that Dorsch tries, not always successfully, to take one shower every two weeks. Dorsch's mother testified that the plaintiff retreats to her bedroom in the event that unexpected visitors enter the house, and that plaintiff will generally only see visitors if she is notified well in advance of

their arrival.  This testimony demonstrates that plaintiff suffers from disabling depression.

The ALJ noted that the plaintiff and her mother both testified that Dorsch went out with her sister to an open-air festival, and that plaintiff's depression improved such that her outlook for the future was not entirely hopeless.  The ALJ relied on such testimony to conclude that Dorsch's condition was not as severe as she complained.  I find, however, that the plaintiff and her mother's candor about the few occasions on which she was able to cope with a social situation only enhances the witnesses' credibility, and supports a finding of disability.  It is apparent from the record that neither the plaintiff nor her mother were attempting to portray plaintiff's condition in the worst possible light for the singular purpose of obtaining Social Security benefits.  Rather, their testimony collectively reveals that neither of them exaggerated the severity of plaintiff's depression, but instead attempted to accurately describe how plaintiff's condition effects her life.  Based on the credible testimony of the plaintiff and her mother, along with the substantial medical evidence that supports a finding of disability, I grant plaintiff's cross-motion for judgment on the pleadings, and deny defendant's motion for judgment on the pleadings.

## CONCLUSION

For the reasons set forth above, I grant plaintiff's motion for judgment on the pleadings, and deny defendant's motion for

judgment on the pleadings.  This action is remanded to the Commissioner solely for calculation and payment of benefits.


ALL OF THE ABOVE IS SO ORDERED.

                                    S/ Michael A. Telesca
                            _____
                                    MICHAEL A. TELESCA
                                 United States District Judge

Dated:    Rochester, New York
          December 14, 2006